UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**DASHONE REYNOLDS**                              **DOCKET NO. 6:24-cv-0155**
                                                                        **SECTION P**

**VERSUS**                                                  **JUDGE S. MAURICE HICKS, JR.**

**B.B. RAYBURN CORR. CENTER**                  **MAGISTRATE JUDGE WHITEHURST**

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint [doc. 1] filed pursuant to 42 U.S.C. § 1983, by Dashone Reynolds, who is proceeding *pro se* and *in forma pauperis* in this matter. It has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.

## I. BACKGROUND

Reynolds alleges that he was "written up unlawfully" on June 15, 2023, "for a cash app that Lt. R. Wallace was looking for knowing my Jpay tablet was still monitored by the jail." Doc. 1, p. 3. According to the Disciplinary Report attached as an exhibit to plaintiff's complaint, he was found guilty of violating rules regarding contraband, defiance and aggravated disobedience. *Id.* at p. 5.

## II. LAW & ANALYSIS

### A. *Frivolity Review*

Reynolds has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). That statute provides for *sua sponte* dismissal of any claim that the court determines is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, in order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 487 U.S. 42, 48 (1988)

### C. Application to the Complaint

Plaintiff seeks "monetary relief and all relief that follows this unlawful act." Doc. 1, p. 4. First, to the extent that Plaintiff complains about any confinement in disciplinary segregation or the temporary loss of commissary and visitation privileges, his claim is frivolous. "[T]he Due Process Clause does not protect every change in the conditions of confinement which has a substantial adverse effect upon a prisoner.*" Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997) (citing *Sandin v. Conner,* 115 S. Ct. 2293, 2297 (1995)). In *Sandin*, the Court found that an inmate

did not have a liberty interest protecting him from a thirty-day assignment to segregated confinement because it was not a dramatic departure from the basic conditions of the inmate's confinement. *Sandin* at 2301. In light of *Sandin*, the Fifth Circuit has held that, absent extraordinary circumstances, placement in administrative segregation will never be a ground for a constitutional claim. *Martin v. Scott,* 156 F.3d 578, 580 (5th Cir. 1998).

Additionally, under the guidance of *Sandin*, the Fifth Circuit has held that as a general rule, only sanctions which result in loss of good time credits or which otherwise directly and adversely affect the date of release will implicate a constitutionally protected liberty interest. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). Accordingly, restrictions or loss of an inmate's commissary, telephone, or visitation privileges "provide no basis for a claim of the denial of constitutional rights." *Palmisano v. BOP*, 258 Fed. Appx. 646, 648 (5th Cir. 2007) (citations omitted). Plaintiff has not specifically alleged that he was placed in confinement or that he lost any specific privileges, but to the extent that he does, he has not shown that confinement in the special housing unit, or any other condition of confinement, was an atypical and significant hardship in relation to ordinary prison life.

Moreover, to the extent that his claim relates to the loss of good time as a result of the disciplinary conviction, this claim is also subject to dismissal. If a favorable judgment would necessarily imply the invalidity of a prisoner's conviction or the length of his confinement, a civil rights action seeking monetary damages related to that conviction cannot be raised until the conviction has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a collateral proceeding or by the issuance of a federal writ of habeas corpus. See *Heck v. Humphrey*, 114 S.Ct. 2364 (1994). A "conviction," for purposes of *Heck*, includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss

of time credits for good conduct. *See Edwards v. Balisok,* 520 U.S. 641 (1997). To the extent that Reynolds seeks monetary damages as a result of his allegedly wrongful disciplinary conviction that resulted in the loss of good conduct time, among other sanctions, his claim is barred. An award of damages related to the lost good conduct credits would necessarily imply the invalidity of Reynolds' disciplinary conviction. He has not alleged that his disciplinary conviction has been reversed, expunged, or declared invalid through a petition for writ of habeas corpus. Therefore, his claim for monetary damages is barred by *Heck. See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

### III. CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that to the extent plaintiff's claim for monetary damages is related to the changes in Reynolds' conditions of confinement, his claim should be **DISMISSED WITH PREJUDICE** and claims related to loss of good time credits should be **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck* bar in this matter has been lifted. This dismissal should result in a finding of frivolity under 28 U.S.C. § 1915(e)(2)(B) and operate as a strike against the plaintiff's ability to proceed in forma pauperis in future suits.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

    THUS DONE AND SIGNED in chambers this 1st day of May, 2024.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**